# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JULIAN REYES,<br>　　　*Plaintiff*<br><br>v.<br><br>CITY OF AUSTIN, INC., AUSTIN POLICE DEPARTMENT, STEVE ADLER, SPENCER CRONK, BRIAN MANLEY, FNU HALE, POLICE OFFICER FNU ALAS, individually and in their official capacities, and JOHN DOES,<br>　　　*Defendants* | Case No. 1:22-CV-00022-LY-SH |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:　　THE HONORABLE LEE YEAKEL
　　　　UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Civil Rights Complaint (Dkt. 1) and Motion to Proceed *In Forma Pauperis* (Dkt. 2), both filed on January 10, 2022. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 3.

### I. Motion to Proceed *In Forma Pauperis*

Plaintiff Julian Reyes, acting *pro se*, seeks leave to file his Complaint without having to pay the filing fee. After reviewing his Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support, the Court finds that Plaintiff is indigent.

Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status (Dkt. 2) and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security

therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a review of the claims made in the Complaint under 28 U.S.C. § 1915(e) and recommends that Plaintiff's lawsuit should be dismissed. Therefore, service on Defendants should be withheld pending the District Court's review of these recommendations.

## II.   Section 1915(e)(2) Frivolousness Review

### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action may be dismissed as malicious or frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation." *Bagby v. Karriker*, 555 F. App'x 405, 406 (5th Cir. 2014).

### B. Plaintiff's Lawsuit Should Be Dismissed as Duplicative

Plaintiff is a reporter and videographer for the Challenger Street Newspaper. He alleges that the Austin Police Department ("APD") is depriving him of his First Amendment rights by arresting him multiple times to prevent him from filming and reporting on its activities relating to unhoused people in Austin, Texas. Dkt. 1 at 9.

Currently pending in this Court is a nearly identical civil rights lawsuit Plaintiff filed against the City of Austin, the Austin Police Department ("APD"), and named and unnamed APD officers. *Reyes v. City of Austin*, No. 1:21-cv-00992-LY-SH (W.D. Tex. Nov. 3, 2021) ("First Lawsuit"). Plaintiff alleges in the First Lawsuit that he was wrongfully arrested on November 5, 2019, when he filmed police at a protest in front of the Salvation Army. First Lawsuit, Dkt. 1 at 3. Plaintiff also alleges that he was wrongfully arrested on October 24, 2021 "for my free speech on a public sidewalk." *Id.* at 8. Plaintiff further alleges that his October 2021 arrest is "one of about 10 [or] so arrests by Austin Police" for filming police activity concerning unhoused people in Austin. *Id.*

In the instant lawsuit, Plaintiff asserts many of the same allegations arising out of the same underlying conduct and events as in the First Lawsuit. Plaintiff adds the Mayor of Austin and the APD Chief of Police as defendants in this case, and details another arrest that took place on January 4, 2019 involving different APD officers. Dkt. 1 at 3. But the alleged APD activities that Plaintiff claims deprived him of his First Amendment rights are the same. As in the First Lawsuit, Plaintiff alleges in this case that he has been "falsely arrested in retaliation for filming the Austin Police Department several times, so many times [he has] lost count." *Id.* at 9.

As noted, a district court may dismiss a suit as frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation. *See Bagby*, 555 F. App'x at 405 (affirming dismissal as frivolous of duplicative case where two suits raised similar claims that fairly may be viewed as arising "from the same series of events"); *Wallace v. Rupert*, 644 F. App'x 307 (5th Cir. 2016) (affirming dismissal of duplicative lawsuit as frivolous); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of duplicative complaint that "repeats the same factual allegations that [plaintiff] asserted in his earlier case" against different defendants).

District courts "should insure that the plaintiff obtains one bite at the litigation apple—but not more." *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993). Because this lawsuit is duplicative, it should be dismissed as frivolous.

### III. Order and Recommendation

Based on the foregoing, the undersigned Magistrate Judge **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 2) and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

### IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 11, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE